LORICK & LOWRANCE v. McCREERY.

1. When a master's report is adverse to defendant upon some of the issues raised, but on the main issue is favorable, and recommends a dismissal of the complaint, still, proper practice requires defendant to except to such adverse findings if he wishes to have them further considered in the cause.

2. A judgment was obtained in Richland county and transcript filed in Newberry county; execution was then issued by the clerk of Richland to the sheriff of Newberry, and made returnable "in 60 days," and levy thereunder was made within sixty days. *Held,* that a sale of land in Newberry under this execution was valid.

3. An interest in land being purchased at sheriff's sale by the plaintiff in execution to whom the money was due, the purchaser may bring action for partition without making payment of his bid and before receiving a title-deed from the sheriff.

4. A distributee, L., having an interest in G.'s intestate estate, executed under her hand and seal, in the presence of two witnesses, an instrument of writing in words following, to wit: "For value received, I hereby assign, set over and deliver to S. all my right, title and interest, as legatee of the estate of G." *Held*, that S. became thereby entitled to L.'s life-interest in a tract of land of which the intestate died seized and possessed, but the fee remained in L.

5. Such remainder was subject to levy and sale under execution against L., and the purchaser became thereupon entitled to maintain an action for partition, if such partition could be had consistently with the interests of all parties.

Before WALLACE, J., Newberry, November, 1882.

This was an action by Lorick & Lowrance against L. C. Mc-Creery, Sarah E. Blackwell and others, for partition. The opinion states the case. The exceptions raised the points stated in the opinion to have been interposed by defendants in their joint answer, as a defense.

*Messrs. Jones & Mower*, for appellants.

*Messrs. Moorman & Schumpert*, contra.

February 29th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This appeal involves the question whether a paper, of which the following is a copy:

"COLUMBIA, S. C., March 27th, 1874.

"For value received I hereby assign, set over and deliver to Sallie E. Blackwell, all my right, title and interest, as legatee of the estate of John Glymph.

"Witness my hand and seal.

(Signed,) "LAURA E. BLACKWELL. [L. S.]
"THOMAS RAWLS,
"WILLIAM J. VAN INGEN,"

can operate as a deed conveying real estate, as against a purchaser of the said Laura E. Blackwell's interest therein at sheriff's sale by execution issued on judgment against her, obtained after the execution of said paper. The Circuit judge held, that

this paper was a good conveyance, and dismissed plaintiff's complaint, who brought the action below for the land, relying upon his purchase at the sheriff's sale aforesaid, and this appeal now raises the question stated above.

The facts of the case, upon which this question is raised, are as follows : John Glymph, late of Newberry county, died intestate, seized and possessed of a tract of land situate in Newberry county, containing some 200 acres. He left surviving him the defendants, his heirs-at-law. His personal estate was administered upon by the two defendants, David and Alfred, his sons. On March 27th, 1874, the paper above referred to was executed by the defendant, Laura E. A short time after this, the plaintiffs brought action against the said Laura, in Richland county, and recovered a judgment for $209.23, besides costs, which was duly entered and a transcript thereof filed in the clerk's office for Newberry county, in June, 1874. Execution on this judgment was issued from clerk's office in Richland, and delivered to the sheriff of Newberry, returnable within sixty days. This execution was entered in sheriff's office June 29th, 1874, and levied in July, 1874. The sheriff, however, failing to sell, on account of notice of adverse claims, a rule was issued against him in July, 1877, which, being heard by Judge Kershaw, an order thereon was issued directing the sale within sixty days, or that the rule be made absolute. Accordingly, the sale was made on September 3d, 1877, notice of the claim of Sarah E. Blackwell being given at said sale. The interest of Laura was bought by the plaintiffs at $60. The purchase-money was not paid in cash, as the sale was made under plaintiffs' execution.

In October, 1877, the action below was commenced by the plaintiffs against the defendants, as heirs-at-law of John Glymph, for partition. This action was commenced before the sheriff executed titles to plaintiffs, the complaint being heard on October 3d, and the deed of the sheriff executed on the 17th of the same month. The defendants answered, interposing as a defense : 1. The invalidity of the sale : (*a*) Because no transcript of the judgment against Laura had been filed in the office of the clerk of Newberry ; (*b*) Because the execution was returnable in sixty days, and hence was without legal force when the sale was made.

2. Because at the time appellants commenced their action, they had not paid the purchase-money, nor had they received titles. And, 3. Because Laura E. had transferred her interest in said land by the written assignment set forth above, before the sale. The case was referred to the master, who reported the facts as above stated, holding that the sale, notwithstanding the irregularities as to the execution complained of, was valid and legal, and, further, as matter of law, that the assignment referred to, transferred all interest of Laura E. to her sister, Sarah, which being done before plaintiffs' judgment, that plaintiffs took nothing by his purchase. He therefore recommended that the complaint be dismissed.

No exception was taken to this report by the defendants. Plaintiffs, however, excepted to so much as held that the assignment operated to transfer the interest of Laura E. to her sister, Sarah E. His Honor Judge Wallace overruled plaintiffs' exceptions and dismissed the complaint.

In the argument on appeal, both parties have discussed the alleged irregularity of the sale by the sheriff, notwithstanding the fact that no questions have been raised thereto by exceptions appearing in the "Case." This is irregular, and should not be encouraged, but in this case it may be proper that the points involved therein should be disposed of, especially as the defendants, having been successful on the main question, were not in condition to appeal on this ground; and further, as both appellant and respondent seem to have regarded this question as involved in the appeal.

It appears, as matter of fact, that a transcript of the plaintiffs' judgment was properly filed in the office of the clerk of Newberry county. This is so reported by the master. Therefore, this objection must be overruled.

There is nothing in the objection that the execution was issued by the clerk of Richland county, or that it was made returnable within sixty days. The fact is, it was levied within the sixty days, and the law fixed the time for its return. *Code*, § 310.

Nor does the fact that plaintiff had not paid the purchase-money, or that the deed of the sheriff had not been executed before action commenced, fatally affect the proceedings. The

ruling of the Circuit judge, as to these questions, is fully sustained by the cases of *Cobb* v. *Pressly,* 2 *McMull.* 416, and *Small* v. *Small,* 16 *S. C.* 70. In the latter case, this court held, that in an action for partition, very similar to this, the equitable title of the plaintiff was sufficient, equity regarding that as done which ought to have been done.

So that, at last, this appeal must turn upon the construction which shall be given to the assignment. This paper is certainly a very informal and perfunctory paper. It is true, that it was executed under seal and in the presence of two witnesses; but it has not the other requisites of a conveyance of real estate. No land is described, nor even is its location, if any, State or county, mentioned, except inferentially. There is no *habendum, tenendum* or warranty clause. Yet, notwithstanding this, inasmuch as the intention of parties should prevail, it is proper to examine this paper, and to enforce it according to the intent legally reached. No doubt it is a valid paper as a bargain and sale as to any realty which it may cover, although informal. *Sanders* v. *Hartzog,* 6 *S. C.* 483; *Sally* v. *Gunter,* 13 *Rich.* 72; *Chancellor* v. *Windham,* 1 *Rich.* 161, and *note; Craig* v. *Pinson, Cheves* 273.

But the question is, Did it cover the realty? It is reasonably certain that Laura Blackwell intended to convey something to her sister. The terms used are, "all my right, title and interest as legatee in the estate of John Glymph." At the time, Laura had an interest in the estate of John Glymph, both personal and real —in the first as a distributee, and in the latter as an heir-at-law; but she had no interest therein as a legatee. The term "legatee," as is well understood, technically describes the beneficiary of personalty under a will, and if this term is strictly construed here, inasmuch as Laura had no such interest, nothing would be conveyed. This would be manifestly against the true intent and meaning of the parties, and we must conclude that this term was not used in its strict technical sense, and we should attach to it some other meaning, if any, if this can be done without violating the rules of construction.

Now, some of the most important principles which govern in the construction of deeds, are as follows: the whole deed should

be considered together and effect be given to every part, if all can stand consistently with law; that an exposition favorable to the intention should be made, if not contrary to law; that the intention should be regarded as looking rather to the effect to be produced than the mode of producing it; that too minute a stress should not be laid on particular words, if the intention be clear, and that, if the deed cannot operate in the manner contemplated by the parties, it should be construed in such manner as to operate, if possible, in some other way. *Chancellor* v. *Windham*, 1 *Rich.* 167.

As we have said, when this paper is considered as a whole, we cannot doubt that the maker intended to convey some interest. This being the intention, the question is, What was this interest? The terms are, " all my right, title and interest " (as legatee) in the estate of John Glymph. If the term "legatee" was not incorporated, there would be no difficulty, because then the term " all," qualifying right, title and interest in the estate of John Glymph, her whole interest in said estate would pass. Shall the incorporation of the term " legatee," with its technical meaning attached, destroy the paper, and thus entirely defeat it? We think not. This would be laying too great stress upon a particular word to the overthrow of the manifest intent of the paper, considered as a whole, and is not demanded by the rules of construction. We must suppose that the term " legatee " was used in the sense of a party entitled to an interest in the estate, without regard to the manner in which this interest had vested. This supposition is necessary to sustain the paper as to any of its parts, or in any form, and it accords with the manifest intent arising from the paper in its entirety.

We think, therefore, that such interest of Laura in the estate of her father, real and personal, as the paper legally construed could convey, passed to her sister by its execution and delivery. As to the objection that there is no description of the land, it may be said, that is certain which may be made certain, and there is enough in the paper to show what land was intended.

But this does not dispose of the case, because the further question now arises, What estate in the land in question was conveyed to Sarah? That is a matter which must be determined by the terms of the conveyance. The conveyance is a deed of bargain

and sale, and there are no words of limitation. The deed is to Sarah E. Blackwell, without the word "heirs," or any equivalent word. In such case, nothing but a life-estate is conveyed, the fee remaining in the grantor. This was subject to levy and sale under the execution of the plaintiffs, and passed to the plaintiffs by their purchase at said sale, and entitled them to institute the action below for partition, if said partition can be made consistently with the interests of all parties and without detriment to the interests and claims of the life-tenant. We think it was error, therefore, to dismiss the complaint.

It is the judgment of this court that the judgment below, dismissing the complaint, be reversed, and that the case be remanded for adjudication in accordance with the principles hereinabove announced.